## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. Lisa N. Mahmoodjanloo, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case Number:** |
| 1. CATHOLIC CHARITIES OF THE ARCHDIOCESE d/b/a CATHOLIC CHARITIES | ) ) ) | **ATTORNEY LIEN CLAIMED** |
| 2. CATHOLIC CHARITIES OF THE ARCHDIOCESE OF OKLAHOMA CITY, INC. | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

COMES NOW, the Plaintiff, Lisa N. Mahmoodjanloo, and for her Complaint against the Defendants, alleges and states as follows:

### PARTIES

1.      Plaintiff, Lisa N. Mahmoodjanloo, is an adult female, who at all relevant times hereto was a resident of Oklahoma County, Oklahoma.

2.      Defendants are Catholic Charities of the Archdiocese, d/b/a Catholic Charities and Catholic Charities of the Archdiocese of Oklahoma City, Inc., who are entities doing business in and around Oklahoma County, Oklahoma.

1

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant entities, and are based on the following claims: (a) discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), ADA Amendments Act ("ADAAA"); and (b) violations of the Family Medical Leave Act ("FMLA").

4.      To the extent required, Plaintiff has exhausted her administrative remedies as to the above listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 15, 2025. She received her Dismissal and Notice of Rights letter from the EEOC dated April 15, 2026 which was received by Plaintiff thereafter. This case is timely filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter.

5.      All acts complained of herein occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6.      Plaintiff, Ms. Lisa Mahmoodjanloo, was employed with Defendants from on or about October 17, 2023 to on or about March 6, 2025, before she was

terminated. At the time of her termination, Plaintiff served as a Case Manager for the Refugee Program.

7.    Throughout Plaintiff's employment, she received positive feedback regarding her performance.

8.    On or about October 15, 2024, Plaintiff picked up a client from the airport during her shift. Plaintiff assisted her client with their bags, picking up their heavy bags. As a result, Plaintiff injured her back.

9.    On or about October 16, 2024, Plaintiff returned to work the following morning, but was in significant pain doing so.

10.    That same day, Plaintiff reported her injury to Human Resources Representative, Nicole Curran and Plaintiff's direct supervisor, Director of the Refugee Program, Alonda McGraw. Curran instructed her to see a physician with their Worker's Compensation physician. The physician's clinic was closed the same day, to which Plaintiff scheduled an appointment to see the physician on or around October 18, 2024.

11.    On or about October 18, 2024, Plaintiff attended the physician's appointment. A computed tomography ("CT") scan was completed to determine her diagnosis. While awaiting her diagnosis, she was provided with muscle relaxers and pain medication; she was also placed on light duty, requiring that

she not lift anything over five (5) to ten (10) pounds, as provided by her physician.

12.    Following her doctor's appointment that same day, Plaintiff provided a doctor's note to Curran and McGraw of her light duty status.

13.    Approximately the same week of Plaintiff's doctor's appointment, the physician reported her diagnosis from her CT scan. The CT scan determined her diagnosis to be a bulging disc in her back. Plaintiff informed Curran and McGraw of the same, providing her medical paperwork to them following her appointment.

14.    As a result of her medical condition, Plaintiff was a qualified individual with a disability. In that, she suffered from physical impairments that substantially limited her ability to perform one or more major life activities, including but not limited to her ability to walk, balance, drive, sit, stand walk, and jump. Said conditions also impacted her internal bodily processes, including but not limited to her musculoskeletal and nervous systems. There is a record of such impairments and she was regarded as having such impairments.

15.    Despite said impairments, Plaintiff was qualified to perform the essential functions of her job with or without accommodations at all relevant times hereto.

16.    On or about November 15, 2024, McGraw presented a write up to Plaintiff for alleged performance issues. This is despite the fact that Plaintiff had improved upon all feedback given to her regarding her performance. Additionally, Plaintiff attempted multiple times to speak with McGraw regarding any potential work related issues, but was often dismissed and ignored; as well as one-on-one meetings with McGraw being cancelled by her.

17.    On or about November 20, 2024, Plaintiff then submitted a written complaint to David Ashton, Deacon, citing unfair treatment from McGraw regarding her performance. McGraw's write up given to Plaintiff was then dismissed and removed from Plaintiff's file.

18.    Plaintiff had back still in pain following the diagnosis of her bulging disc, but continued to work despite it.

19.    Beginning in or around the end of February of 2025, Plaintiff began getting migraines, to which her Primary Care Physician suggested it may be a result of her injury from October of 2024; Plaintiff was then referred to a neurologist.

20.    On or about February 20, 2025, Plaintiff emailed Curran to request FMLA paperwork due to the increased frequency in her migraines and continued back pain; Curran provided the FMLA paperwork to Plaintiff with a deadline of March 7, 2025 via email.

21.     On or about February 24, 2025, Plaintiff submitted the completed FMLA paperwork to Curran via email.

22.     On or about March 3, 2025, Plaintiff followed up with Curran regarding approval of her FMLA leave, as she hadn't heard back from her.

23.     On or about March 5, 2025, Plaintiff received a message from Curran, stating they needed clarification and additional information on Plaintiff's FMLA paperwork.

24.     Plaintiff provided the additional information requested by Curran, and re-submitted the FMLA paperwork to her on or about the morning of March 6, 2025.

25.     That same day, at approximately 3:30 p.m., Plaintiff was called into a meeting with Curran and Ashton.

26.     During the meeting, Plaintiff was told by Curran and Ashton that she was being terminated due to attendance issues and job performance. This is despite the fact that Plaintiff was never written up for her attendance issues; additionally, Plaintiff had improved upon all feedback that she was given regarding her job performance.  Defendants also had a progressive disciplinary policy, which was not followed in Plaintiff's termination.

27.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

## <u>COUNT I: ADA/ADAAA – Disability Discrimination and Retaliation</u>

28. This Count is asserted against Defendant entities.

29. The matters alleged above constitute discrimination and retaliation based on a disability, a record of disability and/or being perceived as disabled in violation of the ADA and ADAAA.

30. As a result of her medical condition, Plaintiff was a qualified individual with a disability. In that, she suffered from physical impairments that substantially limited her ability to perform one or more major life activities, including but not limited, to her ability to walk, balance, drive, sit, stand walk, and jump. Said conditions also impacted her internal bodily processes, including but not limited to her musculoskeletal and nervous systems.

31. Despite said impairments, Plaintiff was qualified to perform the essential functions of her job with or without accommodations at all relevant times hereto.

32. Plaintiff was terminated under circumstances giving rise to an inference of discrimination and retaliation.

33. The matters alleged above also constitute retaliation for having requested reasonable accommodations in violation of the ADA and ADAAA. Plaintiff is entitled to relief because she is a qualified individual with a disability, as shown herein; she engaged in protected activity by requesting reasonable

accommodation; she suffered adverse actions subsequent to the protected activity, and a causal link exists between the protected activity and the adverse actions.

34.     As damages, Plaintiff has suffered lost earnings and benefits, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

35.     Because the actions of Defendants were willful, wanton, or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II: FMLA VIOLATIONS

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36.     This Count is asserted against Defendant entities.

37.     The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of FMLA qualifying leave in violation of the FMLA.

38.     Plaintiff was entitled to medical leave in order to care for herself who suffered from a serious health condition. Plaintiff worked for Defendants, an entity with more than fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for more than one (1) year and for more than 1,250 hours within one year prior to her need for leave.

39.    Defendants retaliated against Plaintiff for her use of medical leave by terminating her employment.

40.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and is entitled to recover all damages or other equitable relief allowed by law, including but not limited to, lost wages, past and future, liquidated damages, based on the willfulness of Defendants' violation of the FMLA, and attorneys' fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court enter judgement in favor of Plaintiff and against Defendants and assess actual, compensatory, emotional distress, lost wages, including back pay and front pay, liquidated, and punitive damages together with pre and post-judgment interest, costs, attorneys' fees, and all other damages available under federal law, and such relief as this Court may deem equitable.

**RESPECTFULLY SUBMITTED THIS 13th DAY OF JULY, 2026.**

_____s/ Karina R. Lueck_____
**L. David McBride, Oklahoma Bar #17095**
**Teresa D. Gerber, Oklahoma Bar #21676**
**Karina R. Lueck, Oklahoma Bar #35171**
**Melissa A. Brooks, Oklahoma Bar # 33129**
**McBride & Associates, P.C.**
**732 N Santa Fe Ave • Edmond, OK 73003**
**karina@mcbridelaw.net • (405) 842-7626**
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**